# EXHIBIT 2

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| JOEY SHUTRUMP, | ) |
| Plaintiff, | ) |
| | ) Case No.: CJ-2016-02280 |
| v. | ) DAMAN CANTRELL |
| | ) ATTORNEY LIEN CLAIMED |
| SAFECO INSURANCE COMPANY OF AMERICA, A Foreign Corporation; and ISIDRA BAUTISTA, | ) |
| Defendants. | ) |

DISTRICT COURT FILED JUN 20 2016 SALLY HOWE SMITH, COURT CLERK STATE OF OKLA. TULSA COUNTY

## PETITION

COMES NOW the Plaintiff, Joey Shutrump, by and through his attorney of record, Donald E. Smolen, II, and for his cause of action against SAFECO Insurance Company of America ("SAFECO") and Isidra Bautista ("Bautista") sets forth and states as follows:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff is a citizen of Oklahoma residing in Tulsa County, Oklahoma.

2. Defendant SAFECO is a foreign corporation conducting regular business in Tulsa County, Oklahoma.

3. Defendant Bautista is a citizen of Oklahoma residing in Tulsa County, Oklahoma.

4. The acts, occurrences and omissions complained of herein occurred in Tulsa County, Oklahoma.

5. This court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

### FACTS COMMON TO ALL CLAIMS

6. Paragraphs 1-5 are incorporated herein by reference.

7. On or about April 22, 2014, Plaintiff was involved in an injury accident as a result of the negligence of Defendant Bautista, an uninsured motorist.

8. On the same date, Plaintiff was insured under a contract with Defendant SAFECO where the Defendant was to provide uninsured motorist coverage for the Plaintiff in accordance with his policy.

9. Plaintiff provided Defendant SAFECO a demand package with all applicable medical records and billing arising out of this accident on March 23, 2015.

10. On or around December 9. 2015, Representatives of Defendant SAFECO made an offer of uninsured motorists benefits in an amount less than the medical incurred to date.

11. Plaintiff relied on Defendant SAFECO to properly handle the claim(s) and make payment on the applicable claims pursuant to the aforementioned insurance policy. Plaintiff has met all of the conditions precedent for payment of claims under the insurance policy.

12. Defendant has unreasonably failed and refused to pay any benefits under the insurance policy.

## CAUSES OF ACTION

13. Paragraphs 1-12 are incorporated herein by reference.

14. In its handling of Plaintiffs' claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant breached its duty to deal fairly and in good faith towards Plaintiff and others in the following respects:

    a. Failing to pay Plaintiff the insurance benefits that it knew he was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

b. Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

c. Refusing to honor Plaintiff's claim without legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

d. Unreasonably delaying payment of some benefits and denying Plaintiff's claim for some benefits without reasonable basis;

e. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

f. Intentionally and recklessly misapplying the provisions of the insurance policy;

g. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

h. Failing to properly investigate the Plaintiff's claim for benefits;

i. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

j. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff's;

k. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim; and

l. Refusing to communicate and provide information regarding the insurance claims reported to Defendant.

15. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment medical expenses and financial hardship, all of which are in excess of ten thousand dollars ($10,000.00.)

16. Plaintiff has retained an attorney to prosecute this action and is thus entitled to a reasonable attorney fee as well as the costs expended in pursuit of this litigation.

17. Defendant has acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant SAFECO and grant him the relief sought including, but not limited to, actual damages in excess of ten thousand dollars ($10,000.00), costs, pre-judgment interest, attorney's fees, punitive damages in excess of ten thousand dollars ($10,000.00), post-judgment interest and all other relief deemed appropriate by this Court.

Respectfully submitted by,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Donald E. Smolen, II OBA #19944
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorney for Plaintiff*