# EXHIBIT 4

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| JOEY SHUTRUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CJ-2016-02280 |
| | ) | *The Honorable Daman Cantrell* |
| SAFECO INSURANCE COMPANY OF | ) | |
| AMERICA, A Foreign Corporation; and | ) | |
| ISIDRA BAUTISTA, | ) | |
| | ) | |
| Defendants. | ) | |

DISTRICT COURT
FILED

JUL 12 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

### SAFECO INSURANCE COMPANY OF AMERICA'S
### MOTION TO DISMISS OR TO CLARIFY DAMAGES

Defendant Safeco Insurance Company of America ("Safeco") respectfully requests that the Court dismiss Plaintiff Joey Shutrump's ("Plaintiff") Petition on grounds that Plaintiff has failed to properly plead damages relating to his claims for breach of contract and breach of the duty of good faith and fair dealing pursuant to OKLA. STAT. tit. 12, § 2008(A)(2) and has, likewise, failed to properly plead punitive damages pursuant to OKLA. STAT. tit. 12, § 2009(G). Alternatively, Safeco requests that the Court order Plaintiff to amend his Petition to clarify whether his damages will or will not exceed the amount required for diversity jurisdiction pursuant to OKLA. STAT. tit. 12, § 2009(H). In further support of this Motion, Safeco supplies the following argument and authority.

## ARGUMENT AND AUTHORITY

I.  **Plaintiff's Petition Should be Dismissed for Failure to Plead Damages in Accordance with Sections 2008 and 2009 of the Oklahoma Pleading Code.**

Plaintiff's Petition should be dismissed for failure to comply with sections 2008 and 2009 of the Oklahoma Pleading Code.  Pursuant to section 2008 of the Oklahoma Pleading Code,

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain:
>
> > 1. A short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > 2. A demand for judgment for the relief to which he deems himself entitled.  Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required   for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, **except in actions sounding in contract**.  Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered. . . .

OKLA. STAT. tit. 12, § 2008(A)(2) (emphasis added).

Therefore, under Oklahoma law, every pleading which sets forth a claim for breach of contract shall specify the amount of damages sought to be recovered. *See also Lindley v. Life Inv. Ins. Co. of Am.*, 2008 U.S. Dist. LEXIS 81974, *13, n. 2 (N.D. Okla. Oct.

2

2, 2008) (noting that a claim for breach of contract in Oklahoma *must* allege a specific amount of damages).[1]

Additionally, pursuant to OKLA. STAT. tit. 12, § 2008, a plaintiff alleging any other cause of action—including breach of the duty of good faith and fair dealing—must allege whether the amount of damages sought is less than, equal to, or in excess of $75,000, the amount required for diversity jurisdiction. *See* OKLA. STAT. tit. 12, § 2008(A)(2); *see also Aulestia v. Nutek Disposables*, Inc., 2015 U.S. Dist. LEXIS 17902, *6, 9 (N.D. Okla. Feb. 13, 2015) (recognizing that under section 2008(a)(2), a plaintiff is "required" to state in the petition "that she seeks less than, equal to, or in excess of an amount of damages required for diversity jurisdiction"); *Russell v. Shelter Ins. Co.*, 2011 U.S. Dist. LEXIS 135812, *3-4 (W.D. Okla. Nov. 23, 2011) (recognizing that Oklahoma's pleading code "requires a party to include in her plea for relief a statement as to whether more or less than the federal jurisdictional limit is sought").

Similarly, regarding punitive damages, section 2009(G) of the Oklahoma Pleading Code requires that

> In actions where exemplary or punitive damages are sought, the petition shall not state a dollar amount for damages sought to be recovered but *shall state whether the amount of damages sought to be recovered is in*

---

[1] *Lindley*, decided in 2008, construed the previous version of OKLA. STAT. tit. 12, § 2008. That version required pleadings, *except for those sounding in contract*, to state whether damages exceeded $10,000. Section 2008(A)(2) as currently enacted requires a plaintiff to state whether damages exceed $75,000, *except in actions sounding in contract*. Thus, under either version of section 2008, a plaintiff alleging breach of contract must allege a specific amount of damages.

3

*excess of or not in excess of the amount required for diversity jurisdiction* pursuant to Section 1332 of Title 28 of the United States Code.

(emphasis added). *See also Aulestia,* 2015 U.S. Dist. LEXIS 17902 at \*6, 9; *Raymond v. Air Evac EMS, Inc.,* 2015 U.S. Dist. LEXIS 50097, \*9-10 (N.D. Okla. Apr. 16, 2015) (noting that punitive damages are "special damages" that must be "specifically stated" pursuant to OKLA. STAT. tit. 12, § 2009(G).

Here, Plaintiff's prayer for relief merely seeks "actual damages in excess of ten thousand dollars ($10,000.00), costs, pre-judgment interest, attorney's fees, punitive damages in excess of ten thousand dollars ($10,000.00), post-judgment interest and all other relief deemed appropriate by this Court." (*See* Petition, at Prayer for Relief). Plaintiff does not state the specific amount of damages that he is seeking for Safeco's alleged breach of contract. Nor does Plaintiff state whether his alleged damages for *any* cause of action or for punitive damages are less than, equal to, or in excess of the amount required for diversity jurisdiction. Plaintiff has wholly failed to satisfy his obligations under OKLA. STAT. tit. 12, §§ 2008 and 2009.

Therefore, Safeco respectfully requests that the Court dismiss Plaintiff's Petition for failure to comply with OKLA. STAT. tit. 12, §§ 2008 and 2009. At a minimum, Plaintiff should be required to amend his Petition to specify any alleged damages for breach of contract and to state whether or not his alleged damages for breach of the duty of good faith and fair dealing and punitive damages are less than, equal to, or in excess of the amount required for diversity jurisdiction.

4

II.     Plaintiff Should be Required to Clarify His Damages.

Safeco submits that Plaintiff's Petition is fundamentally flawed and should be dismissed.   However, in the alternative, Safeco respectfully requests that the Court order Plaintiff to clarify his damages.  Pursuant to OKLA. STAT. tit. 12, § 2009(H),

> If the amount of damages sought to be recovered by the plaintiff is less than the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, the defendant may file, for purposes of establishing diversity jurisdiction only, a Motion to Clarify Damages prior to the pretrial order **to require the plaintiff to show by a preponderance of the evidence that the amount of damages, if awarded, will not exceed the amount required for diversity**.  If the court finds that any damages awarded are more likely than not to exceed the amount of damages required for diversity jurisdiction, the plaintiff shall amend his or her pleadings in conformance with paragraph 2 of subsection A of 2008 of this subtitle.

(emphasis added).  *See also Stiles v. Chattem, Inc.*, 2011 U.S. Dist. LEXIS 2778, *20 (N.D. Okla. Jan. 11, 2011) (noting that section 2009(H) "provide[s] defendants with means by which to clarify damages sought where a plaintiff does not initially seek a specific jurisdictional amount").

In accordance with this settled authority, Safeco requests that the Court direct Plaintiff to clarify his damages and require Plaintiff to show by a preponderance of the evidence whether the amount of damages, if awarded, will exceed the amount required for federal diversity jurisdiction.  Should the court find that any damages awarded are more likely than not to exceed the amount of damages required for diversity

jurisdiction, Safeco requests that the Court order Plaintiff to amend his pleadings in conformance with section 2008(A)(2).

## CONCLUSION

Based on the foregoing, Defendant Safeco Insurance Company of America respectfully requests that the Court dismiss Plaintiff's Petition for failure to comply with OKLA. STAT. tit. 12, §§ 2008 and 2009. At a minimum, Safeco requests that the Court direct Plaintiff to amend his Petition to properly specify any alleged damages for breach of contract and to plead whether his alleged damages for breach of the duty of good faith and fair dealing and punitive damages are less than, equal to, or in excess of the amount required for diversity jurisdiction, in accordance with sections 2008 and 2009(G). Finally, in the alternative, Safeco requests that the Court direct Plaintiff to clarify his damages in accordance with OKLA. STAT. tit. 12, § 2009(H).

Respectfully submitted,

William W. O'Connor, OBA No. 13200
Keith A. Wilkes, OBA No. 16750
Margo E. Shipley, OBA No. 32118
NEWTON O'CONNOR TURNER & KETCHUM, P.C.
15 West Sixth Street, Suite 2700
Tulsa, Oklahoma 74119-5423
(918) 587-0101 telephone
(918) 587-0102 facsimile

**ATTORNEYS FOR DEFENDANT, SAFECO
INSURANCE COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2016, a true and correct copy of the foregoing was delivered via U.S. Mail, postage prepaid, to:

Donald E. Smolen, II
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 South Cincinnati Avenue
Tulsa, OK 74119

**ATTORNEYS FOR PLAINTIFF**

_____
William W. O'Connor