UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOEY SHUTRUMP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 17-CV-0022-CVE-TLW |
| | ) |
| SAFECO INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is defendant's motion to strike plaintiff's jury demand (Dkt. # 18). Defendant asks the Court to strike plaintiff's demand for a jury trial due to untimeliness. Dkt. # 18, at 4. Plaintiff responds that his jury demand was timely, and alternatively, that the Court should exercise its discretion to conduct a jury trial in this case. Dkt. # 20, at 5.

Plaintiff filed this suit in the District Court of Tulsa County, State of Oklahoma. Dkt. # 2-2. While the case was pending in the state court, plaintiff did not make a demand for a jury trial. Dkt. # 2-1; Dkt. # 18, at 1. Defendant removed the suit to this Court on January 13, 2017. Dkt. # 2. On February 2, 2017, plaintiff filed a jury demand. Dkt. # 12. Defendant now moves to strike plaintiff's jury demand (Dkt. # 18) because it was not filed with 14 days of removal.

A party must file a demand for a jury trial within 14 days of removal. Fed. R. Civ. P. 81(c)(3). No jury demand is required if the party has demanded a jury trial in state court. Id. Moreover, "[i]f the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." Id. Oklahoma does not require an express demand for a jury trial. See Okla. Stat. tit. 12, § 556.

However, Local Rule 81.1 requires a jury demand to be filed within the time specified in Federal Rules of Civil Procedure 38 and 81, meaning in this district, a party has 14 days after removal to file his jury demand. See Jones v. WATCO Companies, LLC, No. 13-CV-0372-CVE-TLW, 2014 WL 642018, at *1 n.2 (N.D. Okla. Feb. 19, 2014). Here, plaintiff's deadline to file a jury demand was January 27, 2017, but plaintiff did not file his demand until February 2, 2017. Plaintiff argues that the Court's order to file a joint status report by February 17, 2017 extended his deadline to file a jury demand to that date because the joint status report requires parties to set forth whether a jury trial is demanded. Dkt. # 20, at 3. However, Rule 81 and Local Rule 81.1 are clear, a party has 14 days after removal to file a demand for a jury trial. That the Court asks the parties to state whether a jury trial is demanded in a joint status report does not affect the clear, 14-day deadline of Rule 81 and Local Rule 81.1.

Alternatively, plaintiff asks the Court not to strike his jury demand pursuant to the Court's discretion under Federal Rule of Civil Procedure 39(b). "[A]bsent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial." School-Link Tech., Inc. v. Applied Res., Inc., 471 F. Supp. 2d 1101, 1120 (10th Cir. 2007) (quoting Nissan Motor Corp. in U.S.A. v. Burciaga, 982 F.2d 408, 409 (10th Cir. 1992)) (alteration in original). Here, plaintiff's jury demand was filed six days late. Defendant does not argue that plaintiff's late jury demand will prejudice it, and the Court sees no reason why allowing plaintiff's late jury demand would disrupt this litigation. Because the Court finds no "strong and compelling reasons to the contrary," the Court will exercise its discretion under Rule 39(b) and grant a jury trial.

**IT IS THEREFORE ORDERED** that defendant's motion to strike plaintiff's jury demand (Dkt. # 18) is **denied**.

**DATED** this 13th day of March, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

3