UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| JOEY SHUTRUMP, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 17-CV-0022-CVE-TLW |
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

Now before the Court are plaintiff Joey Shutrump's motion to quash (Dkt. # 29) and non-party American Mercury Insurance Company's (Mercury) motion to quash (Dkt. # 32). Plaintiff and Mercury both ask the Court to quash a subpoena issued by defendant for Mercury's file from a prior insurance claim made by plaintiff. Plaintiff and Mercury assert that the file is irrelevant and contains privileged documents. Dkt. ## 29, 32. Defendant argues that the file is relevant and discoverable. Dkt. ## 34, 40. Defendant also argues that plaintiff does not have standing to object to the subpoena and that the Court should not consider Mercury's motion because Mercury failed to meet and confer with defendant prior to filing the motion. Dkt. # 34, at 7-9; Dkt. # 40, at 7-8.

This case arises from an automobile accident between plaintiff and an uninsured motorist in April 2014. Dkt. # 2-5, at 3. At the time of the accident plaintiff had an uninsured motorist insurance policy issued by defendant. Id. Plaintiff filed a claim for uninsured motorist benefits with defendant for injuries he alleges were caused by the accident. Id. Defendant made an offer to settle plaintiff's claim for less than the amount plaintiff claimed. Id. Plaintiff filed this suit alleging claims against defendant for breach of contract and breach of the duty of good faith and fair dealing. Id. at 4-6.

Defendant asserts that it offered plaintiff less than the full amount claimed because some of plaintiff's medical bills stem from a prior automobile accident. Dkt. # 40, at 6. In March 2009, plaintiff was involved in an automobile accident and, as a result, sustained neck and back injuries. Dkt. # 40-2, at 21-24. Plaintiff sued the driver of the other car for negligence and Mercury for breach of contract and bad faith. Id. at 49-51. Plaintiff settled with both the driver and Mercury. Id. Plaintiff admits that his current injuries are due to a "combination" of injuries from the March 2009 and April 2014 accidents. Id. at 18. Defendant issued at subpoena to Mercury for "[t]he entire file relating to [plaintiff's] claim for insurance benefits" arising from the March 2009 accident. Plaintiff and Mercury now move to quash the subpoena. Dkt. ## 29, 32.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A subpoena may be quashed under Rule 45(d)(3) if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographic limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Although Rule 45 does not include relevance as a reason for quashing a subpoena, it is well-settled that the scope of discovery under a subpoena is the same as that under Rule 26(b) and Rule 34. E.E.O.C. v. Unit Drilling Co., No. 13-CV-147-TCK-PJC, 2014 WL 130551, at *2 (N.D. Okla. Jan. 13, 2014). The burden is on the moving party to establish grounds for quashing a subpoena. Morales v. E.D. Etnyre & Co., 228 F.R.D. 694, 696 (D.N.M. 2005).

The Court must first determine whether plaintiff has standing to challenge the subpoena for Mercury's March 2009 accident file. Generally, absent a claim of privilege, personal interest, or

proprietary interest, a party lacks standing to quash a subpoena served on a third party. Howard v. Segway, Inc., No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012). Plaintiff does not specifically address the issue of standing in his motion, but asserts that the file contains "sensitive" information about him, including medical records and details about his settlement negotiations with Mercury. Dkt. # 29, at 4. Plaintiff clearly has a privacy interest in a file that contains his medical records, and because plaintiff has a legitimate privacy interest in the contents of the file, he has standing to challenge the subpoena. See Black Card, LLC v. VISA U.S.A., Inc., No. 15-CV-027-S, 2016 WL 7325684, at *2 (D. Wyo. May 9, 2016) (holding that the plaintiff had standing to challenge third-party subpoenas for documents related to trademark litigation settlement agreement involving plaintiff due to plaintiff's "legitimate privacy interests"); Howard, 2012 WL 2923230 at *2 (holding that the plaintiff had standing to challenge a third-party subpoena "based upon his personal privacy interest in the contents of his personnel file").

Plaintiff and Mercury argue that the subpoena should be quashed because the information in the file is irrelevant. Plaintiff's claims against defendant arise from defendant's refusal to pay plaintiff for the full amount he claimed under his uninsured motorist policy. Defendant's defense is that some of the injuries plaintiff claimed were not a result of the April 2014 accident, but the March 2009 accident. Therefore, the March 2009 accident and the injuries plaintiff sustained in that accident are central to defendant's defense. Plaintiff argues that he has provided defendant with medical records related to the March 2009 accident. However, "[a] party is not required to rely on information furnished by the other party and may choose the method by which it seeks to obtain relevant information." Fullbright v. State Farm Mut. Auto. Ins. Co., No. CIV-09-297-D, 2010 WL 274131, at *2 (W.D. Okla. Jan. 15, 2010). Moreover, the file may contain information that is

3

additional to, or different from, the medical records provided by plaintiff. Mercury conducted its own investigation of the March 2009 accident, and its findings are likely not entirely covered by the medical records. Therefore, the Court finds that the Mercury March 2009 accident file is relevant.

Plaintiff and Mercury also assert that the subpoena is overly broad. The purpose of discovery is not to give parties the opportunity to go on "fishing expeditions" to support their arguments. See United States v. 2121 Celeste Rd. SW, Albuquerque, N.M., 307 F.R.D. 572, 582-83 (D.N.M. 2015). Here, defendant seeks a discrete file from Mercury, and requests for the production of discrete documents are not overly broad on their face. See Stewart v. Mitchell Transport, No. 01-2546-JWL, 2002 WL 1558210, at *4 (D. Kan. July 11, 2002) (finding that a subpoena was not overly broad to the extent it requested the production of discrete documents such as an employee's personnel file). Neither plaintiff nor Mercury has provided any reason to believe the subpoena is more broad than it appears on its face. Thus, the Court finds that the subpoena is not overly broad.

Finally, plaintiff and Mercury argue that the subpoena should be quashed because the file is privileged. Mercury asserts that it is protected under attorney-client privilege and the work product privilege. The party asserting privilege bears the burden of establishing its existence. Williams v. Sprint/United Mgmt. Co., 245 F.R.D. 660, 667 (D. Kan. 2007). As Mercury has failed to provide any support for its assertions of attorney-client and work product privileges, it has failed to carry its burden. Additionally, plaintiff and Mercury argue that the file is privileged because it contains a settlement agreement that is subject to a confidentiality agreement. "[C]onfidentiality does not equate to privilege," and "the mere fact that the settling parties agree to maintain the confidentiality of their agreement does not serve to shield the agreement from discovery." DIRECTV, Inc. v. Puccinellli, 224 F.R.D. 667, 685 (D. Kan. 2004); see also Tanner v. Johnston, No.

4

2:11-cv-00028-TS-DBP, 2013 WL 121158, at *1-2 (D. Utah Jan. 8, 2013) (noting that federal district courts in the Tenth Circuit have generally found that "settlement agreements are not shielded from discovery merely because they are confidential"). If Mercury claims that any of the documents in its file are protected by attorney-client and/or work product privileges, it should comply with Rule 26(b)(5).

**IT IS THEREFORE ORDERED** that plaintiff Joey Shutrump's motion to quash (Dkt. # 29) and non-party American Mercury Insurance Company's motion to quash (Dkt. # 32) are **denied**.

**DATED** this 18th day of August, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE